LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Petitioner
ANDROS MARITIME COMPANY LIMITED



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDROS MARITIME COMPANY LIMITED,<br><br>Petitioner,<br><br>-against-<br><br>INTERNATIONAL OIL OVERSEAS, INC., a/k/a IOOI, a/k/a INTERNATIONAL OIL OVERSEAS INCORPORATION, MARINA WORLD SHIPPING CORP., GRESHAM WORLD SHIPPING CORP., TARAZONA SHIPPING CO., S.A., QUOIN ISLAND MARINE WL, BAKRI TRADING COMPANY INC., SCHIFF HOLDING CO. S.A., and TRANS MEDITERRANEAN SHIPPING INC.,<br><br>Respondents. | ECF CASE<br><br>11 Civ. 1657 (WHP)<br><br><br>**AMENDED PETITION<br>TO RECOGNIZE, CONFIRM, AND<br>ENFORCE FOREIGN<br>ARBITRAL AWARD** |

Petitioner ANDROS MARITIME COMPANY LIMITED ("ANDROS"), by its attorneys, Lyons & Flood, LLP, as and for its Amended Petition to Recognize, Confirm, and Enforce a Foreign Arbitral Award in favor of ANDROS and against respondent INTERNATIONAL OIL OVERSEAS, INC., a/k/a IOOI, a/k/a INTERNATIONAL OIL OVERSEAS INCORPORATION (hereinafter collectively "IOOI") and against respondents MARINA WORLD SHIPPING CORP. ("MWS"), GRESHAM WORLD SHIPPING CORP. ("GWS"), TARAZONA SHIPPING CO., S.A. ("TSC"), QUOIN ISLAND MARINE WL ("QIM"), BAKRI TRADING COMPANY INC., ("BTC"), SCHIFF HOLDING CO. S.A. ("SHC"), and TRANS

MEDITERRANEAN SHIPPING INC. ("TMS") alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as the action arises under the enacting legislation for the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. § 201 *et seq.*, and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

2. In addition, subject matter jurisdiction exists under the Court's admiralty jurisdiction, 28 U.S.C. § 1333, and Fed. R. Civ. P. 9(h) because the underlying dispute is maritime in nature and concerns a breach of maritime contracts.

3. Venue is proper in this District pursuant to 9 U.S.C. § 204 since, save for the arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this District.

4. In addition, respondent IOOI is found in this District as of the date the action was filed by virtue of having registered to do business in New York as a foreign business corporation and having designated an agent for service of process in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

## THE PARTIES

5. At all material times, petitioner ANDROS was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Malta and was the owner of the M/T GOOD HOPE (the "Vessel").

6. Upon information and belief, at all material times, respondent IOOI was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Saudi Arabia, and was the charterer of the Vessel.

7. Upon information and belief, at all material times, respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS were and still are corporations organized and existing under the laws of foreign countries, and were and still are trade names, aliases, alter egos, paying agents, receiving agents, and/or joint venturers of respondent IOOI.

8. On January 8, 2009, respondent IOOI registered to conduct business in New York with the New York Department of State and appointed a registered agent in this District, Michael E. Unger, Freehill Hogan & Mahar, LLP, 80 Pine Street, New York, New York 10005. In registering to conduct business in New York, respondent IOOI is subject to the Court's personal jurisdiction. (A copy of the Department of State's registration for respondent IOOI is attached as Exhibit 1 to the Declaration of Kirk M. Lyons (the "Lyons Decl.") in support of ANDROS's Petition. See Docket no. 3.)

9. On April 6, 2011, after this action was commenced on March 10, 2011, respondent IOOI surrendered its authority to conduct business with the New York Department of State. The surrender of its authority to conduct business after the action was filed has no effect on the Court's personal jurisdiction over respondent IOOI or over respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS.

### FACTS UNERLYING THE CLAIMS

10. By Voyage Charters dated June 7, 2003, and August 6, 2003 (collectively referred to as the "Charter Parties"), respondent IOOI chartered the Vessel from petitioner ANDROS. (Copies of the Charter Parties are attached as Exhibits A and B to the Declaration of Yannis Kassimis (the "Kassimis Decl."), which is attached as Exhibit 2 to the Lyons Decl. See Docket no. 3.)

11. The Charter Parties are maritime contracts.

12. The Charter Parties specified the City of London as the place for arbitration of all differences and disputes between the parties.

13. During the performance of the Charter Parties, disputes arose between petitioner ANDROS and respondent IOOI, and petitioner claimed losses, *inter alia*, stemming from unpaid demurrage.

14. Pursuant to the arbitration clauses in the Charter Parties, petitioner ANDROS commenced arbitration in London by appointing John Colin Sheppard, as its arbitrator and provided notice of the appointment to respondent IOOI.

15. Respondent IOOI then appointed Edward Mocatta as its arbitrator.

16. Following appointment of the parties' arbitrators, petitioner ANDROS and respondent IOOI filed their respective claim submissions and responses to the arbitration tribunal.

17. On December 22, 2009, petitioner ANDROS received an Award (the "Award"). (A copy of the Award is attached as Exhibit C to the Kassimis Decl. See Docket no. 3.) The Award provides that respondent IOOI is obligated to pay petitioner ANDROS the following sums:

    a. the principal sum of $75,303.77;

    b. plus interest at the rate of 5% per annum compounded with three monthly rests, on the following basis:

        (i) on the sum of $27,694.44 from August 1, 2003, to the date of payment, which is $13,305.34 as of July 1, 2011; and

        (ii) on the sum of $47,609.33 from October 23, 2003, to the date of payment, which is $22,102.68, as of July 1, 2011.

18. In addition, the Award also directed respondent IOOI to pay:

    a. petitioner ANDROS' recoverable legal costs in the amount of €10,465.00, or $14,819.92 as of May 17, 2011, as nearly as now can be calculated;

    b. the costs of the Award in the sum of £5,405 (as of May 17, 2011, this was equivalent to $8,758.34);

    c. interest on the petitioner's recoverable legal costs (see a. above) at 2.50% per annum compounded with three monthly rests from the date of the Award to the date of payment, which is $569.58, as of July 1, 2011; and

    d. interest on the costs of the Award (see b. above) at the rate of 2.50% per annum compounded with three monthly rests, from the date of payment by ANDROS to the date of reimbursement by IOOI, which is $336.61, as of July 1, 2011.

19. The total sums due and owing under the Award are $135,196.24, as of July 1, 2011.

20. The petitioner ANDROS has demanded that respondent IOOI promptly remit the sums due under the Award. Respondent has failed to make any payment against the Award.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST RESPONDENT IOOI TO RECOGNIZE, CONFIRM, AND ENFORCE THE AWARD

21. Petitioner ANDROS repeats and re-alleges each and every allegation set forth in paragraphs 1 through 20 above as if fully set forth herein.

22. Under English law, the Award is binding on the parties.

23. Both England and the United States are parties to the New York Convention, which provides that a court sitting in any nation that is a party to the New York Convention must recognize and enforce a foreign arbitral award where (a) certified copies of both the agreement to

arbitrate and the arbitral award are submitted to the court, (b) the application is timely filed, and (c) none of the delineated exceptions to recognition and enforcement are present.

24. Certified copies of both the agreements to arbitrate and the arbitral award accompany the Petition and are attached to the Kassimis Decl., which is Exhibit 2 to the Lyons Decl. (See Docket no. 3).

25. The Petition is timely under 9 U.S.C. § 207 since it was filed within three (3) years of the date of the Award.

26. Respondent IOOI cannot in good faith raise any of the delineated reasons under the New York Convention for non-recognition of the Award.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST RESPONDENTS MWS, GWS, TSC, QIM, BTC, SHC, and TMS TO ENFORCE THE AWARD AGAINST THEM AS TRADE NAMES, ALIASES, ALTER EGOS, PAYING AGENTS, RECEIVING AGENTS, OR JOINT VENTURERS OF IOOI

27. Petitioner ANDROS repeats and re-alleges each and every allegation set forth in paragraphs 1 through 26 above as if fully set forth herein.

28. Upon information and belief, respondents IOOI, MWS, GWS, TSC, QIM, BTC, SHC, and TMS are operated, controlled, and managed by a single economic enterprise known as the "Bakri Group," which is ultimately controlled by the Al-Bakri family and headed by Sheikh Abdul Kader Al-Bakri, with offices at The Bakri Building, Al-Andalus Street, Jeddah, 21481, Saudi Arabia.

29. Upon information and belief, among the entities that comprise the Bakri Group, including but not limited to IOOI, MWS, GWS, TSC, QIM, BTC, SHC, and TMS, there is a commonality of control and management centered with the Al-Bakri family.

30. Respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS and the Bakri Group at large are alter egos of respondent IOOI because they dominate and disregard the corporate

form of IOOI to the extent that MWS, GWS, TSC, QIM, BTC, SHC, and TMS and the Bakri Group at large are actually carrying on the business and operations of respondent IOOI, as if the same were their own, or vice versa.

31. Upon information and belief, respondent IOOI is merely a shell corporation through which the Bakri Group and respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS conduct their business.

32. Upon information and belief, respondent IOOI has no separate, independent identity from MWS, GWS, TSC, QIM, BTC, SHC, TMS, and the Bakri Group at large.

33. Upon information and belief, the Bakri Group and/or respondent IOOI utilize respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS as paying/receiving agents or pass through entities such that they can insulate themselves from creditors relating to their commercial obligations and in particular their vessel charters.

34. Further, upon information and belief, the Bakri Group at large and/or respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS use respondent IOOI as their chartering arm. That is, the Bakri Group and/or respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS use respondent IOOI's name to enter into charter parties, so that they can insulate themselves from creditors relating to their commercial obligations and in particular their vessel charters.

35. It is not the general practice in the maritime community, nor anywhere else, for independent companies to make or receive large payments on behalf of other independent companies. Payments sent or received on behalf of another independent company are indicative of a relationship that is not arms-length.

36. Upon information and belief, respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS make and/or receive payments on respondent IOOI's behalf in circumstances where

they have absolutely no contractual obligation or relationship to IOOI's creditors and/or debtors.

37. Upon information and belief, respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS made substantial payment(s) on behalf of respondent IOOI pursuant to charter parties unrelated to this action even though they were under no contractual obligation to do so.

38. Upon information and belief, among the entities that comprise the Bakri Group, including but not limited to IOOI, MWS, GWS, TSC, QIM, BTC, SHC, and TMS, there is commingling of funds.

39. Upon information and belief, the entities that make up the Bakri Group, including but not limited to IOOI, MWS, GWS, TSC, QIM, BTC, SHC, and TMS, share or shared common ownership, operation, and/or premises.

40. Upon information and belief, respondent IOOI uses the same postal address as the Bakri Group and respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS, *i.e.* – Al-Andalus Street, P.O. Box 3757, Jeddah, 21424 (or 21481), Saudi Arabia.

41. Upon information and belief, respondents IOOI, MWS, GWS, TSC, QIM, BTC, SHC, and TMS are among several companies that are operated, controlled, and managed as a single economic enterprise known as the "Bakri Group," which are nominally owned and controlled by members of the Al Bakri family.

42. Upon information and belief, among the entities that make up the Bakri Group, including but not limited to respondents IOOI, MWS, GWS, TSC, QIM, BTC, SHC, and TMS, there is an overlap in directors, officers, and/or employees.

43. Upon information and belief, the directors of respondent MWS include Mr. Bakri and his immediate family members, who serve in many other positions within the Bakri Group. Further, two of the directors of respondent IOOI are tied to the Bakri Group.

44. Upon information and belief, respondents IOOI, MWS, GWS, TSC, QIM, BTC, SHC, and TMS do not observe proper corporate formalities. It is rare for Saudi trading groups such as the Bakri Group to observe any traditional corporate organization.

45. Based on the foregoing, as well as other activities, respondents IOOI, MWS, GWS, TSC, QIM, BTC, SHC, and TMS should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other.

46. By virtue of the foregoing, respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS are properly considered a party to the subject charter parties as the trade names, aliases, alter egos, joint venturers, and/or paying/receiving agents of respondent IOOI.

47. On June 11, 2010, a Judgment was entered against respondents IOOI, MWS, GWS, BTC, TSC, SHC, and QIM in an action entitled *Fair Spirit Maritime Ltd. v. International Oil Overseas, Inc., et al.* in the United States District Court for the Southern District of New York, 08 Civ. 10109 (WHP). (*See* Docket No. 34.) The Judgment resulted from the plaintiff's motion for the recognition, confirmation, and enforcement of the underlying foreign arbitral award against IOOI and against MWS, GWS, BTC, TSC, SHC, and QIM as alter ego companies to IOOI.

48. In sum, petitioner ANDROS respectfully requests that the Court enforce the Award against respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS and issue a Judgment against them for the full amount of the Award, including interest and costs, as set forth in ¶¶ 17 through 19 herein.

WHEREFORE, petitioner ANDROS prays that:

    a. process in due form of law issue against the respondents, citing them to appear and answer under oath all, and singular, the matters alleged in the Amended Petition;

  b. pursuant to the First Cause of Action against respondent IOOI, the Award be recognized, confirmed, and made into a Judgment of this Court, to be entered in favor of petitioner ANDROS and against respondent IOOI, in the sums sought in ¶¶ 17 through 19 herein, and that this Court also adjudge respondent IOOI liable to petitioner ANDROS for interest on the Award and Judgment;

  c. an Order be issued directing respondent IOOI to pay petitioner ANDROS sufficient funds to satisfy the Award in all respects in the sums sought in ¶¶ 17 through 19 herein;

  d. pursuant to the Second Cause of Action against respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS, the Award be enforced and made into a Judgment of this Court, to be entered in favor of petitioner ANDROS and against respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS, in the sums sought ¶¶ 17 through 19 herein, and that this Court also adjudge respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS liable to petitioner ANDROS for interest on the Award and Judgment;

  e. an Order be issued directing respondents MWS, GWS, TSC, QIM, BTC, SHC, and TMS to pay petitioner ANDROS sufficient funds to satisfy the Award in all respects in the sums sought in ¶¶ 17 through 19 herein;

  f. this Court retain jurisdiction over this matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment, and/or any further judgments that may be issued;

  g. this Court grant petitioner ANDROS its costs and disbursements, including reasonable attorneys' fees, in pursuing the Judgment and enforcement of the Award; and

    h. petitioner have such other, further, and different relief as this Court may deem just and proper.

Dated this 17th day of May 2011, at New York, New York.

              LYONS & FLOOD, LLP
              Attorneys for Petitioner
              ANDROS MARITIME COMPANY LIMITED

    By: */s/ Kirk M. Lyons*
              Kirk M. Lyons
              65 West 36th Street, 7th Floor
              New York, New York 10018
              (212) 594-2400

U:\kmhldocs\2600049\Legal\Amended Petition to Confirm.doc